WILLIAM L. YOUNGMAN, Appellant, *v.* THE NORTH ELECTRIC COMPANY, Respondent.

First Department, December 1, 1916.

**Master and servant — broker's action for commission — evidence justifying verdict for defendant.**

Action to recover compensation for services alleged to have been rendered as a broker in negotiating the sale of patent rights, and resubmitted by the Court of Appeals to the Appellate Division under a ruling that the plaintiff's contract must be regarded as an ordinary broker's contract. Evidence examined, and *held*, that the jury were justified in finding for the defendant on certain specific questions of fact submitted by the trial court.

RESUBMISSION by the Court of Appeals to the Appellate Division of an appeal by the plaintiff, William L. Youngman, from a judgment of the Supreme Court in favor of the defendant entered upon the verdict of a jury.

The matter was resubmitted to this court for a further consideration of the facts of the case.

*Howard Taylor*, for the appellant.

*Louis L. Babcock*, for the respondent.

SCOTT, J.:

This action is by an assignee of Charles T. Dukelow, and is for compensation for services rendered by said Dukelow in negotiating in behalf of defendant for the sale of certain patent rights.    The contract was expressed in writing, and upon a former appeal to this court there was a sharp division of opinion as to the construction to be given to it.

The trial court had charged the jury that the contract in question was the usual brokerage contract under which it was necessary for the plaintiff to show, in order to entitle himself to a judgment, that Dukelow had been the procuring cause of the sale which had been made, and that it had been so made within the time of his employment. A majority of this court was of the opinion that this was an erroneous construction of the contract, and that its true intent and meaning was that Dukelow was to act as an intermediary in bringing together the officers of defendant and the officers of the company, to whom it was hoped to sell the patent, leaving the negotiations for the sale to be carried on and consummated between these officers, and that his compensation was made dependent upon his performance of all that he was required to do in this respect, and the fact that a sale was afterwards effected without regard to the question as to whether or not he procured the particular sale that was ultimately made. A minority of this court entertained a different view and upheld the theory of the case adopted by the trial justice. (160 App. Div. 758.) This latter view, as expressed in an opinion by Mr. Justice HOTCHKISS, was adopted by the Court of Appeals, which has remitted the case to this court for a consideration of the facts. (218 N. Y. 645.)

The subject-matter of the proposed sale was certain patent rights belonging to defendant. The prospective and hoped-for purchaser was the American Telephone and Telegraph Company or one of its subsidiaries. What was contemplated to be sold were " automanual apparatus, patents, or other assets or stock " of defendant company. What was actually sold, and upon the purchase price of which plaintiff claims a commission, was a license to operate under defendant's patents. Such sale was made after Dukelow had been discharged from his employment, as defendant claims, and certainly some time after Dukelow had ceased to be active in the matter.

The trial court left three questions to the jury, as follows: (1) Was Dukelow the procuring cause of the sale ? (2) Did the contract embrace and authorize Dukelow to sell what was sold, to wit, a license ? (3) Was the sale concluded during the term of Dukelow's employment or had his services been ended by

discharge or abandonment? There was a general verdict in defendant's favor.

It is the law of the case, as now determined by the Court of Appeals, that the three foregoing questions were the crucial questions of fact in the case, and all that is left for us to do is to decide whether the jury's verdict upon these questions is sustained by the evidence, and it is clear that if the evidence justified a negative answer to any one of the questions the general verdict in favor of defendant was justified.

We have re-examined the evidence with care and are of the opinion that there is evidence in the case justifying a negative answer to each question, and that, if the contract is to be regarded, as it must be, as an ordinary broker's contract, the plaintiff has failed to establish his right to recover.

The judgment appealed from is, therefore, affirmed, with costs to respondent.

CLARKE, P. J., SMITH, PAGE and DAVIS, JJ., concurred.

Judgment affirmed, with costs. Order to be settled on notice.